

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| GREG ABBOTT, in his official capacity as Governor of Texas, | § § | No. 08-21-00149-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| CITY OF EL PASO, | § | of El Paso County, Texas |
| Appellee. | § § | (TC# 2021-DCV-2805) |

**<u>ORDER</u>**

The City of El Paso, Appellee, has filed a Rule 29.3 emergency motion for temporary relief seeking reinstatement of the temporary injunction order granted on September 2, 2021, by the Honorable Ruben Morales, Judge of the El Paso County Court at Law No. 7, in *City of El Paso, Plaintiff v. Greg Abbott*, *in his official capacity as Governor of Texas, Defendant*, Trial Court Cause No. 2021DCV2805, pending resolution of this interlocutory appeal on the merits. *See* TEX.R.APP.P. 29.3. The trial court's temporary injunction enjoined the Governor from enforcing Executive Order GA-38, issued on July 29, 2021, "paragraphs (3)(b), (3)(g), and (4) of GA-38 to the extent those provisions prohibit the Local Health Authority, Hector I. Ocaranza, M.D., MPH, from requiring persons in El Paso City and County to wear masks or face coverings to address the particularized local disaster in El Paso[.]"

1

On August 26, 2021, the Texas Supreme Court issued an order staying the Fourth Court of Appeals' grant of a similar Rule 29.3 motion in a like appeal filed by the Governor challenging the temporary injunction obtained by the City of San Antonio and Bexar County. Order, *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas*, No. 21-0720 (Tex. Aug. 26, 2021). Because the court of appeals' reinstatement order altered the status quo preceding the controversy, the Supreme Court stayed the effect of that order. *Id.* (*citing In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004)). In that stay order, the Supreme Court stated:

> This case, and others like it, are not about whether people should wear masks or whether the government should make them do it. Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be. The status quo, for many months, has been gubernatorial oversight of such decisions at both the state and local levels. That status quo should remain in place while the court of appeals, and potentially this Court, examine the parties' merits arguments to determine whether plaintiffs have demonstrated a probable right to the relief sought.

*Id.*

In short, where courts are asked to determine which government officials have the legal authority to decide whether a mask mandate applies within a local jurisdiction, the Supreme Court has determined the status quo is "gubernatorial oversight of such decisions at both the state and local levels." *Id.* Based on the stay order of *In re Abbott*, we DENY the City's motion for emergency relief. The interlocutory appeal remains pending before this Court, and all other deadlines set by previous orders remain in effect.

Chief Justice Rodriguez, respectfully, dissents from this Order. She finds the Texas Supreme Court's temporary order of August 26th is not precedent and maintains we are not bound by it. Further, she finds the City's arguments persuasive and a substantial risk to public harm has been shown to such a degree the automatic stay should be lifted. Chief Justice Rodriguez would vote to reinstate Dr. Ocaranza's order.

IT IS SO ORDERED THIS 30TH DAY OF SEPTEMBER 2021.

PER CURIAM


Before Rodriguez, C.J., Palafox, J., and Alley, J.
Palafox, J. concurring
Alley, J., concurring
Rodriguez, C.J., dissenting


[Below will follow the individual Statements]

<u>CONCURRING STATEMENT OF JUSTICE ALLEY</u>

The City of El Paso asks us to exercise our discretion under TEX.R.APP.P. 29.3 to reinstate the trial court's temporary injunction which was automatically stayed by the State of Texas's notice of appeal. The request is denied.

A person's view of the motion before this Court likely depends on their perspective. For some, all that is important is decreasing the spread of the COVID-19 infection and its variants. So, for them, imposing a mask mandate, however effective it may be, is a no-brainer. For others, the issue is personal freedom and autonomy over one's own body, so they too see no room for legitimate dispute. And another group looks at the dispute only through the lens of which unit of government is best situated or empowered to deal with the pandemic. While these viewpoints are worthy of consideration if we were resolving the merits, jurists must weigh other considerations. Here, for instance, I am compelled to decide the motion on principals of this Court's place in the judicial system, and the role of *stare decisis,* a doctrine named for the "Latin maxim '*stare decisis et non quieta movere*,' which means to stand by the thing decided and not disturb the calm." *Ramos v. Louisiana*, 140 S.Ct. 1390, 1411 (2020) (Kavanaugh, J., concurring). Stated otherwise, when a court enunciates a rule of law to be applied in the case before it, "it not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but it establishes the law, which other courts owing obedience to it *must* [also apply]." James Wm. Moore & Robert Stephen Oglebay, *The Supreme Court, Stare Decisis and Law of the Case*, 21 TEX.L.REV. 514, 540 (1943). And here, because the Texas Supreme Court has already decided the core question before us, and because we are bound by that decision, the City of El Paso's motion must be denied.

Why do we place so much emphasis on deciding cases based on precedent? Courts generally adhere to their prior decisions, even if of questionable soundness, "because doing so

'promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.'" *Alleyne v. United States*, 570 U.S. 99, 118 (2013) (Sotomayor, J., concurring) *quoting Payne v. Tennessee*, 501 U.S. 808, 827, (1991); *see also In re Caballero*, 441 S.W.3d 562, 576 (Tex.App.--El Paso 2014, no pet.) ("We also must emphasize that *stare decisis* results in predictability in the law, which allows people to rationally order their conduct and affairs."). " The [*stare decisis*] doctrine reflects respect for the accumulated wisdom of judges who have previously tried to solve the same problem." *Ramos*, 140 S.Ct. at 1411 (Kavanaugh, J., concurring). The doctrine "permits society to presume that bedrock principles are founded in the law rather than in the proclivities of individuals, and thereby contributes to the integrity of our constitutional system of government, both in appearance and in fact." *Vasquez v. Hillery*, 474 U.S. 254, 265-266 (1986). Its "greatest purpose is to serve a constitutional ideal—the rule of law." *Citizens United v. Federal Election Comm'n*, 558 U.S. 310, 378, (2010) (Roberts, C.J., concurring).

Courts differentiate between horizontal and vertical *stare decisis*. Horizontal *stare decisis* refers to a court's respect for its own prior decisions, or those of courts of equal stature. Andrew T. Solomon, *A Simple Prescription for Texas's Ailing Court System: Stronger Stare Decisis*, 37 St. Mary's L.J. 417, 439 (2006). Vertical *stare decisis*, however, addresses a lower court's obligation to follow the rulings of those higher courts to which they answer. And while a court under the appropriate circumstances might overrule its own precedents, "vertical *stare decisis* is absolute, as it must be in a hierarchical system with 'one supreme Court.'" *Ramos*, 140 S.Ct. at 1416 n.5 (Kavanaugh, J. concurring); *see also* Amy Coney Barrett, *Precedent and Jurisprudential Disagreement*, 91 TEX.L.REV. 1711, 1712 (2013) ("Vertical stare decisis is an inflexible rule that admits of no exception.").

From our perspective, vertical *stare decisis* operates two ways. The district and county courts found within the seventeen counties comprising the eighth judicial district are bound to follow our precedents. But likewise, we are bound to follow the precedents of the Texas Supreme Court in civil matters and the Texas Court of Criminal Appeals in criminal matters. *See Lubbock County, Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("The court of appeals in this case followed established law. It is not the function of a court of appeals to abrogate or modify established precedent. That function lies solely with this Court.") (internal citation omitted); *Barstow v. State*, 742 S.W.2d 495, 501 n.2 (Tex.App.--Austin 1987, writ denied) (noting that "[t]he doctrine of *stare decisis* requires that all courts adhere, as a general rule, to the principles and rules laid down on a question of law by any court *to which obedience is owed in the matter*") (emphasis original).

None of these concepts can be seriously questioned. Our court has often acknowledged that we are bound by higher court decisions. *See e.g. Michelin N. Am., Inc. v. De Santiago*, 584 S.W.3d 114, 128 (Tex.App.--El Paso 2018, no pet.) (noting our obligation to follow Texas Supreme Court's articulation of the stream of commerce test); *Texas Dep't of Family and Protective Services v. Parra*, 503 S.W.3d 646, 657-58 (Tex.App.--El Paso 2016, no pet.) (noting that it is not our function to abrogate or modify established Texas Supreme Court precedent as that function lies solely with that court). At most we sometimes face the thorny issue of whether the rule pronounced in an earlier Texas Supreme Court governing one set of parties, under one set of facts, and answering one specific question, is the same question as that before us. *See Texas Propane Gas Assn. v. City of Houston*, 622 S.W.3d 791, 806 (Tex. 2021) (Blacklock, J., concurring and dissenting) *quoting City of Los Angeles, California v. Patel*, 576 U.S. 409, 429-30 (2015) (Scalia, J., dissenting) ("Under the doctrine of *stare decisis*, that court's reasoning—to the extent

6

that it is necessary to the holding—will, as a logical consequence of the opinion, effectively control outcomes in future cases raising similar legal questions.") (internal quotes omitted, cleaned up). For instance, last term we disagreed on whether a Texas Supreme Court ruling on when the statute of limitations begins to run on a claim raising a defect in a warranty deed controlled the outcome of a case with a defect in a lease agreement. *See Muzquiz v. Para Todos, Inc.*, 624 S.W.3d 263, 281 (Tex.App.--El Paso 2021, pet. filed) (Alley, J., dissenting). While there may have been legitimate room for disagreement in that case, there is none here.

In this case, and based on their petition, El Paso challenges the portions of the Governor's declaration in GA-38 that suspend several specified provisions of the Texas Government Code, the Health & Safety Code, the Local Government Code, and any other provision to the extent that they permit local government entities or officials' ability to impose face covering requirements. *Original Pet. ¶ 18-21*. El Paso seeks a declaration that the Governor exceeded his authority under the Texas Disaster Act of 1975 in suspending those laws. *Original Pet. ¶ 22-29*. The argument is premised on a statutory construction of the act. Secondarily, El Paso seeks a declaration that the Texas Disaster Act of 1975 is unconstitutional in that it delegates to the Executive Branch the power to suspend laws in contravention of the Texas Constitution. *Original Pet. ¶ 30-33*. Based on that petition, and the argument and evidence before it, the trial court granted a temporary injunction restraining the Governor from enforcing paragraphs 3(b), 3(g), and 4 of GA-38 to the extent that those provisions prevent the local health authority from requiring persons in the City of El Paso and El Paso County to wear masks and face coverings.

The State filed its notice of appeal from the temporary injunction, which El Paso

7

acknowledges has the effect of automatically staying the trial court's temporary injunction.[1]  El Paso, however, in the motion before us urges that this Court should exercise its discretion under TEX.R.APP.P. 29.3 to reinstate the trial court's order during the pendency of this appeal.  In support of that argument, El Paso directs us to look at a "nearly indistinguishable" case arising out of Bexar County, *Abbott v. City of San Antonio*, No. 04-21-00342-CV, 2021 WL 3819514 (Tex.App.--San Antonio Aug. 19, 2021, no pet. h.) (per curiam).  In that case, the City of San Antonio and Bexar County filed suit against the Governor alleging that he "acted ultra vires and outside the scope of his authority under the Texas Disaster Act of 1975 and, alternatively, that the Texas Disaster Act of 1975 violates the Texas Constitution."  *Id.* at *1.  The trial court granted a temporary injunction prohibiting the Governor "from enforcing Sections 3(b), 3(g), 4, and 5(a) of Executive Order GA-38 to the extent those provisions (1) prohibit the City of San Antonio and Bexar County from requiring City and County employees or visitors to City- and County-owned facilities to wear masks or face coverings; or (2) prohibit the San Antonio and Bexar County Public Health Authority from requiring masks in public schools in the City and County."  *Id*.

The State filed a notice of appeal that suspended enforcement of the trial court's temporary injunction, and as here, San Antonio and Bexar County filed a motion asking the Fourth Court of Appeals to exercise its discretion under Rule 29.3 to reinstate the trial court's order pending the hearing of the appeal.  The Fourth Court obliged that request, and El Paso asks us to follow suit.  What El Paso failed to even mention in its motion, however, is that the State filed a mandamus

---

[1] Texas Rule of Appellate Procedure 29.1(b) provides: "Perfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless: . . . the appellant is entitled to supersede the order without security by filing a notice of appeal."  TEX.R.APP.P. 29.1(b).  Section 6.001 of the Civil Practice and Remedies Code provides that designated State entities and actors are not required to file a bond for court costs, nor required to give a surety for the issuance of a bond to suspend enforcement of designated civil judgments.  TEX.CIV.PRAC. & REM.CODE ANN. § 6.001; *see also In re Texas Dep't of Transportation*, 583 S.W.3d 794, 795 (Tex.App.--El Paso 2019, no pet.) ("The filing of the notice of appeal by TxDOT had the effect of suspending enforcement of the judgment, including the order to reinstate Flores to his former position.").

with the Texas Supreme Court challenging the Fourth Court of Appeal's Rule 29.3 order. As a part of its mandamus, the State sought emergency relief from the Texas Supreme Court to suspend the Fourth Court's Rule 29.3 order reinstating the trial court's injunction. The Texas Supreme Court granted that relief, writing:

> As we previously held in staying the trial court's temporary restraining order in the underlying case, the court of appeals' order alters the status quo preceding this controversy, and its effect is therefore stayed pending that court's decision on the merits of the appeal. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). This case, and others like it, are not about whether people should wear masks or whether the government should make them do it. Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be. The status quo, for many months, has been gubernatorial oversight of such decisions at both the state and local levels. That status quo should remain in place while the court of appeals, and potentially this Court, examine the parties' merits arguments to determine whether plaintiffs have demonstrated a probable right to the relief sought.

Order, *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas*, No. 21-0720 (Tex. August 26, 2021).[2]

So why does vertical *stare decisis* compel us to follow the Texas Supreme Court's order from the Bexar County case? Both cases at the trial court involved virtually identical legal challenges to the same provisions of GA-38. Both trial court's orders granted nearly identical relief by prohibiting the Governor from enforcing the identical provisions of GA-38 to the extent they prohibit local officials from requiring the use of face masks and coverings. And in both cases, the parties have asked, or are asking the respective courts of appeals to exercise their discretion under the same rule--TEX.R.APP.P. 29.3--to do the same thing: reinstate the trial

---

[2] Citing the same precedent, the Texas Supreme Court had previously stayed two temporary restraining orders issued by Texas trial courts. *In re Greg Abbott, in his Official Capacity as Governor of the State of Texas*, No. 21-0686 (Tex. August 15, 2021) (Dallas County); *In re Greg Abbott, in his Official Capacity as Governor of the State of Texas*, No. 21-0687 (Tex. August 15, 2021) (Bexar County). And more recently, it stayed a subsequent Rule 29.3 ruling of the Fourth Court that again attempted to reinstate a trial court injunction from which the State had appealed. Order, *In re Greg Abbott, In His Official Capacity as Governor of The State of Texas*, No. 21-0836 (Tex. September 28, 2021).

9

court's temporary injunction during the pendency of the appeal. And the core issue under both Rule 29.3 motions is defining what the "status quo" was at the time the dispute arose. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019) ("Rule 29.3 gives an appellate court great flexibility in preserving the status quo based on the unique facts and circumstances presented."). The Texas Supreme Court has now answered that question: it was "gubernatorial oversight of such decisions at both the state and local levels." Order, No. 21-0720. And that answer compels that El Paso's Rule 29.3 motion also be denied. There is simply no legitimate dispute that both the El Paso and Bexar County cases raise the exact same issues with respect to Rule 29.3. El Paso acknowledges as much when it stated in its motion that "[t]he facts and the law in the *City of San Antonio* case and this matter are nearly indistinguishable." City of El Paso Motion at p. 7.

We allowed for additional briefing to see why El Paso believed the Texas Supreme Court's order in the Bexar County case did not control the outcome here. El Paso's response, without citation to any case or statute, contends that the Texas Supreme Court's prior order is only "persuasive" authority, and does not bind this Court.[3] Additionally, El Paso contends our case is different, because here, El Paso contends that the 1975 Disaster Act impermissibly delegated to the Governor a power reserved to the legislature in contravention of the Texas Constitution. But we can tell that same argument was advanced in the Bexar County trial court and before the Fourth Court of Appeals. *Abbott v. City of San Antonio*, 2021 WL 3819514, at *1. Moreover, the response that Bexar County filed in the Texas Supreme Court to the State's Motion for Emergency Relief also raised that same constitutional challenge. *See* Bexar County's Response to Emergency

---

[3] "[P]ersuasive authority is any authority which is not binding on courts." Chad Flanders, *Toward A Theory of Persuasive Authority*, 62 Okla.L.Rev. 55, 62 (2009). "[T]he touchstone of persuasive authority is that the deciding court is not required to follow [the] result or reasoning of the referenced authority." Timothy Schwartz, *Cases Time Forgot: Why Judges Can Sometimes Ignore Controlling Precedent*, 56 Emory L.J. 1475, 1479 (2007). But even if the Bexar County order is only persuasive, nothing in El Paso's filings persuades me otherwise.

Motion for Temporary Relief, p. 19-20.[4]

El Paso also contends that the State has "unclean hands" in how it defines the status quo, because it took a dissimilar position in litigation with the federal government over an executive order regarding federal immigration law. *See Texas v. U.S.*, 515 F.Supp.3d 627, 631 (S.D. Tex. 2021) (granting Texas's requested temporary restraining order of federal government's 100-day pause on the removal of aliens already subject to a final order of removal). Yet, El Paso cites no authority for the proposition that the litigation position taken by a party in one court, involving different parties and issues, precludes this Court from following a Texas Supreme Court order respecting this matter. In any event, in the federal litigation, the district court in deciding whether to grant a temporary injunction, determined "the *last uncontested status quo* between the parties." *Id.*, *quoting Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). The court found the last uncontested status quo was the government's removal policy prior to issuance of a January 20, 2021, memorandum that paused removals. *Id.* And here, the Governor argues the last peaceable status quo was immediately after his issuance of GA-38 this past summer. It was not until the rise of the Delta variant in August that El Paso sought to have Dr. Ocaranza issue his order. The Governor has done no more than apply the same test to different fact patterns.

Neither of the parties cite any authority, or otherwise address, the question of whether an order of the Texas Supreme Court on a motion for emergency relief creates a binding precedent for lower courts to follow. It is true that decisions on emergency motions are often hurried, based on limited briefing, and decided without the aid of oral argument. Nonetheless, I view this order as one worthy of vertical *stare decisis*. We can turn to the federal analog, where the United States

---

[4] The City of San Antonio's response is available on the Texas Supreme Court's website: www.txcourts.gov/supreme/casesearch.

11

Supreme Court has decided important legal questions in resolving motions for emergency relief. For instance, in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S.Ct. 63, 67 (2020), the Court in resolving a request for emergency relief during the pendency of the appeal, decided that the appropriate test for certain COVID-19 restrictions on a religious institution was strict scrutiny. Despite being an order on a request for emergency relief, the Court's three-page decision in *Roman Catholic Diocese* has been termed "a seismic shift in Free Exercise law" that "compels the result" in a lower court. *Calvary Chapel Dayton Valley v. Sisolak*, 982 F.3d 1228, 1232 (9th Cir. 2020); *see also Hopkins Hawley LLC v. Cuomo*, 518 F.Supp.3d 705, 712 (S.D.N.Y. 2021) (writing that *Roman Catholic Diocese* is "binding precedent for this Court"); *Roman Catholic Archbishop of Washington v. Bowser*, No. 20-CV-03625 (TNM), 2021 WL 1146399, at *6 (D.D.C. Mar. 25, 2021) (concluding that Supreme Court's decisions granting injunctive relief bind the court.). Distinctions, of course, can be made in the nature of the emergency order at issue. *See* Trevor N. McFadden & Vetan Kapoor, *The Precedential Effects of the Supreme Court's Emergency Stays*, 44 Harv.J.L. & Pub. Pol'y 828 (Summer 2021) (advocating for a three tiered view for precedential value of emergency orders). For instance, the simple denial of a request for an emergency stay tells lower courts little, because the denial could have been entirely procedural. But the Texas Supreme Court's short Order in Cause No. 21-0720 leaves nothing to the imagination about its rationale. The court is clearly telling the courts of appeals that Rule 29.3 permits us discretion to preserve the status quo, but in this situation, the status quo is "gubernatorial oversight of such decisions at both the state and local levels." Order, *In re Greg Abbott, in his Official Capacity as Governor of the State of Texas*, No. 21-0720 (Tex. August 26, 2021). And it is that regime that

12

El Paso seeks to overturn.   Other courts and litigants have recognized this concept,[5] as should we.

But to punctuate the point also made by the Texas Supreme Court, the denial of El Paso's Rule 29.3 motion is not a decision on the merits of the underlying dispute.   It says nothing about whether the Governor did or did not act *ultra vires*, nor whether portions of the 2015 Disaster Act are unconstitutional by delegating the power to invalidate other laws.   It is simply a procedural restraint on how Rule 29.3 applies to this factual situation.   The motion is denied.

---

[5] In another virtually identical situation, the First Court of Appeals recently denied Fort Bend's request to reimpose a trial court's temporary injunction under Rule 29.2.   *See* Order, *Governor Greg Abbott, In his Official Capacity as the Governor of Texas v. County of Fort Bend, Texas*, No. 01-21-00453-CV (August 26, 2021).     A similar motion was filed in a case before the Dallas Court of Appeals, but wisely withdrawn by the party the day the Texas Supreme Court issued its order in the Bexar County litigation.   *See* Letter Withdrawing Emergency Motion for Temporary Relief, *Greg Abbott, in his Official Capacity as Governor of the State of Texas v. Clay Jenkins, in his official capacity as County Judge of Dallas County, Texas*, No. 05-21-00733-CV (August 26, 2021).   And more recently, the Fort Worth Court of Appeals granted a Rule 29.3 motion to reinstate a trial court's temporary injunction that prohibited a school district from denying access to facilities based on face coverings.   *See* Order, *Scribner v. Treger*, No. 02-21-00277-CV (September 13, 2021).

CONCURRING STATEMENT OF JUSTICE PALAFOX

I join in the denial of the City's Rule 29.3 emergency motion for a temporary order.

As a concurrence, I write separately to further address the status quo issue of this case and the restriction imposed on our discretion to alter the status quo. The status quo is defined as "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). As enunciated in *In re Newton*, the purpose of a temporary injunction is to preserve the status quo pending a determination of the controversy on the merits. *Id*.

With regard to governmental disputes over mask mandates, two very recent orders by the Supreme Court of Texas, staying the effect of two Rule 29.3 orders of the Fourth Court of Appeals, clearly establish that our higher court will act to stay a lower court decision which alters the status quo pending a decision on the merits. *See* Order, *In re Abbott*, No. 21-0836 (Tex. September 28, 2021); Order*, In re Abbott,* No. 21-0720 (Tex. Aug. 26, 2021). In ruling on the Governor's motion for temporary relief from an adverse order granted pursuant to the authority granted by Rule 29.3, the Supreme Court determined the status quo for many months has been "gubernatorial oversight . . . ." Order*, In re Abbott,* No. 21-0720 (Tex. Aug. 26, 2021). On that basis, the Court stayed the temporary order granted by the Fourth Court of Appeals, which in turn had reinstated a temporary injunction granted against Governor Abbott's ban on mask mandates. *Id*. The Supreme Court explained its reasoning:

> This case, and others like it, are not about whether people should wear masks or whether the government should make them do it. Rather, these cases ask courts to determine which government officials have the legal authority to decide what the government's position on such questions will be.

*Id*.

By its motion, the City invites this Court to follow the same path as our sister court of

14

appeals and issue a like order that temporarily reinstates the trial court's temporary injunction against the Governor's mask ban. An order of that nature would, however, alter the status quo as described by the Supreme Court in *In re Abbott,* No. 21-0720, and again confirmed in *In re Abbott,* No. 21-0836. In my view, the higher court has spoken.

Whether or not those rulings are characterized as stare decisis or merely persuasive, there is no indication a temporary order from this Court would fare any differently from the relief granted by our sister court of appeals. Until we have an opportunity to examine the parties' merits arguments to determine whether the City has demonstrated a probable right to the relief sought, we have essentially been instructed by the higher court that the status quo should remain with GA-38 in force and effect. *See* Order, *In re Abbott*, No. 21-0836 (Tex. September 28, 2021); Order, *In re Abbott,* No. 21-0720 (Tex. Aug. 26, 2021). Indeed, in issuing a stay order against the Fourth Court of Appeal's order, the Supreme Court specifically mentioned, "[t]his case, and others like it," which is a phrase signaling the Court's awareness that other mask mandate cases are pending and face the same determination of status quo.

Given the repeated stay rulings of the Supreme Court in *In re Abbott*, No. 21-0836 (Tex. September 28, 2021) and *In re Abbott,* No. 21-0720 (Tex. Aug. 26, 2021), I join in the denial of the Rule 29.3 motion here but also focus more closely on the meaning of status quo as applied to the context of this case. With the instruction that gubernatorial oversight remains the status quo, I believe there are important points to make with regard to the Governor's order.

First, GA-38 does encourage the use of masks or face coverings as a practice aimed at protecting the health and safety of all Texans. For example, Paragraph 3(b) states, "[i]n areas where the COVID-19 transmission rate is high, individuals are encouraged to follow the safe practices they have already mastered, such as wearing face coverings over the nose and mouth wherever it

15

is not feasible to maintain six feet of social distancing from another person not in the same household . . . ." As another example, Paragraph 4(c) states, "[e]ven though face coverings cannot be mandated by any governmental entity, that does not prevent individuals from wearing one if they choose."

Second, GA-38 recognizes the importance of mask mandates as they relate to particularly vulnerable populations. Paragraph 4(a), which is the primary paragraph that disallows governmental entities from creating mask mandates, nonetheless makes exceptions for state supported living centers, government-owned or operated hospitals, the Texas Department of Criminal Justice, Texas Juvenile Justice Department, and county and municipal jails.

Lastly, Paragraph 3(e) states that "[p]ublic schools may operate as provided by . . . guidance issued by the Texas Education Agency." And currently, under that agency's Public Health Guidance document, September 2, 2021, "mask provisions of GA-38 are not being enforced as the result of ongoing litigation."[1] Because no school district is a party in this proceeding or the underlying lawsuit, because GA-38 explicitly allows school districts to rely on guidance from the TEA, and because the TEA's guidance for schools is that the mask provisions of GA-38 are not being enforced, this decision has no bearing on any school-district-created mask mandates within the jurisdiction of El Paso County that may currently be in effect.

While I am persuaded that orders of the Supreme Court of Texas do not permit an altering of the status quo at this juncture, I reiterate that the terms of GA-38 include a recommendation to all residents of the city and county to use masks or face coverings when it's not feasible to maintain six feet of social distancing.

---

[1] *See Public Health Guidance,* TEXAS EDUCATION AGENCY (2021), https://tea.texas.gov/sites/default/files/covid/SY-20-21-Public-Health-Guidance.pdf (last visited September 16, 2021).

I, respectfully, dissent from the forgoing order. I would grant the relief the City of El Paso requested in its Rule 29.3 motion for a temporary order reinstating the trial court's temporary injunction pending resolution of this interlocutory appeal on the merits. *See* TEX.R.APP.P. 29.3. Further, by granting the motion, I would reinstate the trial court's temporary injunction order rendered on September 2, 2021, prohibiting the Honorable Governor Abbott from "enforcing paragraphs (3)(b), (3)(g), and (4) of Governor Abbott's Executive Order GA-38 to the extent those provisions prohibit the Local Health Authority, Hector I. Ocaranza, M.D., MPH, from requiring persons in El Paso City and County to wear masks or face coverings to address the particularized local disaster in El Paso[.]"

### *Standard of Review*

The power of the courts of appeals to "make any temporary orders necessary to preserve the parties' rights until disposition of the [interlocutory] appeal" under Rule 29.3 is broad and largely undefined. *See* TEX.R.APP.P. 29.3; *In re Geomet Recycling, L.L.C.,* 578 S.W.3d 82, 90 (Tex. 2019). A court of appeals' Rule 29.3 order is valid so long as the order does not constitute an abuse of discretion. *Id.* at 91. A court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The fact a reviewing judge would decide a case within his discretionary authority differently than a lower court judge acting within her discretionary authority does not mean that the lower court abused its discretion. *Id.* at 242; *see also Caballero v. Vig*, 600 S.W.3d 452, 457 (Tex.App.—El Paso 2020, pet. denied)(a lower court does not abuse it discretion if it acts "within the zone of reasonable disagreement").

Although the State may invoke the right to an automatic suspension of a temporary

injunction when filing a notice of interlocutory appeal, this Court still retains the discretion to issue a Rule 29.3 order allowing a temporary injunction to remain in effect pending resolution of an interlocutory appeal if maintaining the temporary injunction is necessary to preserve parties' rights. *See In re Tex. Educ. Agency*, 619 S.W.3d 679, 692 (Tex. 2021)(orig. proceeding).

## *Analysis*

In his response to the City's motion, the Governor contends a temporary order issued by the Texas Supreme Court in *In re Abbott (City of San Antonio)*, No. 21-0720 (Tex. Aug. 26, 2021) forecloses our ability to reinstate the temporary injunction here pending interlocutory appeal under the principle of stare decisis. I respectfully disagree for two reasons.

The Texas Supreme Court's order of August 26, 2021, in *In re Abbott (City of San Antonio)* suspended the Fourth Court of Appeals' Rule 29.3 order pending mandamus review of that order's propriety. However, my view is the August 26 temporary order the Texas Supreme Court issued under Rule 52.10 is not a final adjudication of the merits of the mandamus petition. In other words, the Texas Supreme Court paused the effect of the Fourth Court's temporary order reinstating the temporary injunction, but it never determined whether the Fourth Court actually, substantively erred by issuing that order. Instead, the Texas Supreme Court's Rule 52.10 temporary order was a non-dispositive, nonfinal decision.[1]

The difference in weight between a final merits decision and an interim decision is significant. "A nonfinal decision doesn't conclusively dispose of an issue or a claim." Bryan Garner, the Hon. Nathan L. Hecht, et al., THE LAW OF JUDICIAL PRECEDENT 230 (1st ed.

---

[1] On September 28, 2021, the Texas Supreme Court issued another Rule 52.10 temporary order staying a Rule 29.3 temporary order issued by the Fourth Court of Appeals in a separate interlocutory appeal of a temporary injunction granted in favor of the City of Laredo and United Independent School District. *See* Order, *In re Abbott (City of Laredo)*, No. 21-0836 (Tex. Sept. 28, 2021). Unlike the August 26, 2021 stay order, this stay order did not articulate a rationale for why the stay was granted. Regardless, my view of the September 28, 2021, stay order remains the same as my view of the August 26, 2021 stay order—it, too, is a non-dispositive, nonfinal decision that does not bind this Court.

18

2016)[Citations and Internal alterations omitted]. A decision on an interim order such as a Rule 52.10 order in a mandamus proceeding is by nature "tentative and impermanent," and unlike a judgment, which "encompasses the court's official and final considerations and determinations of the respective rights and obligations of the parties," an interim order is a non-dispositive "determination by a court of judge that is immediate in nature," collateral to a final adjudication, and may be "reconsidered and modified" at will until the entry of final judgment. *Id*. at 230-32.

While the summary order constitutes persuasive authority, as a technical matter, unless the Texas Supreme Court renders a merits decision on the pending mandamus actions stating that our sister courts substantively erred in issuing temporary relief under Rule 29.3, our discretion to fashion appropriate orders pending interlocutory appeal—including an order reinstating the temporary injunction—remains intact. *See In re Tex. Educ. Agency*, 619 S.W.3d at 692. Indeed, to the extent a court of appeals may consider the Texas Supreme Court's temporary orders as persuasive authority in reaching a decision, it bears noting that, in related litigation, the Texas Supreme Court has twice declined to depart from regular order and enjoin proceedings on a statewide level. *See In re Abbott (Dallas County)*, No. 21-0686 (Tex. Aug. 16, 2021)(order denying request to amend mandamus and stay litigation statewide); s*ee In re Abbott (Travis County)*, No. 21-0701 (Tex. Aug. 19, 2021)(misc. order denying mandamus bypass of Third Court of Appeals as inappropriate under TEX.R.APP.P. 52.3(e)). This, to me, suggests the Texas Supreme Court is seeking to preserve the authority of the courts of appeals in their roles as first-line reviewers of these legal issues, not to limit our authority.

Second, to the extent the Texas Supreme Court's comments in its summary order in *In re Abbott (City of San Antonio)* may be considered persuasive authority, our grant of temporary relief here is not inconsistent with the Texas Supreme Court's assessment "[t]he status quo, for many

19

months, has been gubernatorial oversight of such decisions at both the state and local levels." *See* Order, *In re Abbott (City of San Antonio)*, No. 21-0720, slip op. at 1. It cannot be denied the Governor has had the authority to exercise oversight of the disaster response at both the state and local level since issuing his first emergency declaration in March 2020. However, the Governor has not shown reinstating the temporary injunction would impair his gubernatorial oversight ability for the following reasons:

- The temporary injunction operates only within the territorial limits of El Paso City and County, not statewide. The temporary injunction also does not wholesale suspend the operation of GA-38. Instead, the temporary injunction only applies to three portions of GA-38,[2] and even then, only "to the extent those provisions prohibit the Local Health Authority, Hector L. Ocaranza, M.D., MPH, from requiring persons in El Paso City and County to wear masks or face coverings to address the particularized local disaster in El Paso . . . ." Other portions of GA-38, including those regulating business occupancy, remain in effect.

- At the temporary injunction hearing, the City provided scientific expert testimony from the Local Health Authority, Dr. Ocaranza, detailing local conditions with respect to the spread of the Delta variant of COVID-19. Dr. Ocaranza also explained how the mask order served to control the spread of infection. This testimony, which was subject to cross-examination but was otherwise uncontroverted by the Governor, shows that the equities in favor of the City are strong.

- The Governor presented no evidence at the temporary injunction hearing, nor did he provide any evidence in his response to the motion for Rule 29.3 relief in this Court. In the absence of any evidence showing the Local Health Authority's mask order impedes necessary action in coping with the COVID-19 crisis or that the Governor will otherwise suffer some concrete harm by virtue of Dr. Ocaranza's order pending resolution of this interlocutory appeal, we have no competent evidentiary basis to conclude the Governor would suffer harm-in-fact by allowing the temporary injunction to stand pending an accelerated appeal.

- To the extent the Governor is arguing harm *per* se because his legal position is correct as a matter of law, the Texas Supreme Court in *In re Abbott (City of San Antonio)* recognized that such weighty merits rulings are inappropriate in the context of an emergency proceeding such as this one by explicitly declining to rule

---

[2] The restrained provisions of GA-38 are Paragraphs 3(b) ("no person may be required by any jurisdiction to wear or to mandate the wearing of a face covering"), 3(g)(allowing "business activities and legal proceedings . . . to proceed without COVID-19 related limitations imposed by local government entities or officials" and notifying local authorities of intent to impose a fine), and (4)(suspending statutory authorities).

20

on the merits of the Governor's position in that procedural posture. When, as here, the status quo is alleged to be a violation of the law, the merits question should be reserved for trial, and the proper position that a temporary injunction should place the parties in is the last actual peaceable, non-contested status that preceded the controversy. *See In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004). The Governor does not dispute the Local Health Authority had the ability to implement infection-control measures like a masking order prior to the implementation of GA-38, which purported to supplant that authority either through direct ouster or via indirect statutory suspension. Because the central allegation in this lawsuit is the Governor acted ultra vires by attempting to supplant local authorities through ouster or statutory suspension, the position immediately preceding the disputed action in which local authorities retained the ability to issue mask orders is the status quo.

In short, because there is an allegation the status quo constitutes an ultra vires act, because the law on that point is unsettled and worthy of further review, because the City has shown a substantial risk of harm to public health in the absence of the temporary injunction, because the Governor has provided no evidence contravening the City's evidence, and because the Governor has not otherwise shown that he would be prejudiced by the lifting of the automatic stay in this case, I would ORDER the automatic stay be lifted and the trial court's temporary injunction remain in effect pending our resolution of this interlocutory appeal. *See* TEX.R.APP.P. 29.3.